[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON THE DEFENDANTS' MOTION TO STRIKE
The defendants' motion to strike first came before the court on July 30, 2001 on the non-arguable calendar. The parties were not required to appear, but the file was missing. The matter was rescheduled to August 27, 2001 for oral argument. At that time, the parties failed to appear, but the file was located. As the file has been located, the court will proceed to rule on the motion, and as the parties failed to appear for oral argument, the request for oral argument will be deemed waived.
The defendants move to strike the second count of the complaint contending that the count fails to allege a cause of action for recklessness with sufficient specificity because it 1) essentially reiterates the factual allegations of negligence as alleged in the first count, and 2) because it fails to assert sufficient facts to meet the requirements of General Statutes § 14-295.
As to the first contention, the motion to strike is denied, as the court follows and adopts the reasoning of Jennings v. Vega. Superior Court, judicial district of Stamford/Norwalk at Stamford, No. CV 99 0174082 (D'Andrea, J., Nov. 20, 2000).
As to the second contention, the motion to strike is denied as the court follows and adopts the reasoning of Lombard v. Booth. Superior Court, judicial district of Fairfield/Bridgeport at Bridgeport, No. CV 01 0383637 (Stevens, J., July 12, 2001).
Therefore, the motion to strike is denied.
So ordered this 28th day of August 2001.
Stevens, J.